Harry J. T. Myers v. Commissioner.
Myers v. Commissioner
Docket No. 1151-65.
United States Tax Court
T.C. Memo 1966-238; 1966 Tax Ct. Memo LEXIS 46; 25 T.C.M. (CCH) 1228; T.C.M. (RIA) 66238; October 25, 1966
*46 Respondent's motion for judgment on the pleadings as to fraud granted and decision entered for respondent without further proof where petitioner failed to reply to the affirmative allegations of fraud in respondent's answer, those allegations were deemed admitted under Rule 18(c)(1), Tax Court Rules of Practice, and the allegations are sufficient to support a finding of fact that a part of the deficiency or underpayment of tax for each year was due to fraud with intent to evade tax. Albert Squire, for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: Respondent issued a notice of deficiency *47 to petitioner Harry J. T. Myers (hereinafter referred to as petitioner) dated December 4, 1964. In this notice of deficiency respondent determined deficiencies in income tax for each of the years ended December 31, 1947, through December 31, 1960, in the aggregate amount of $222,527.49; additions to tax for fraud under section 293(b), I.R.C. 1939, and section 6653(b), I.R.C. 1954, in the aggregate amount of $111,263.74; additions to tax under section 291, I.R.C. 1939, in the aggregate amount of $27,773.77; additions to tax under section 294(d)(1)(A), I.R.C. 1939, in the aggregate amount of $13,035.86; and additions to tax under section 6654, I.R.C. 1954, in the aggregate amount of $2,165.01. On March 4, 1965, petitioner filed a petition in which he alleged in part as follows: 1. Petitioner is an individual residing at 3 No. Iowa Avenue, Atlantic City, New Jersey and resided in Atlantic City, New Jersey, during the years involved. No returns were ever filed. 2. Notice of the Deficiency (a copy of which is attached and marked Exhibit A) was mailed to the petitioner on December 4, 1964. * * *
5. Determination is based upon the *48 following errors: (a) A fraud penalty has been attached for each year from 1947 through 1960. There is no fraud in this case and the fraud penalty is of $111,263.74 is erroneously attached. The statement accompanying the determination letter reflected the following schedule of the asserted deficiencies, penalties, and additions to tax: [1]
Penalty under
Addition to tax
Fraud
Delinquency
1939 Code, sec.
under 1954 Code,
Year
Deficiency
penalty
penalty
294(d)(1)(A)
sec. 6654
1947
$ 5,434.76
$ 2,717.38
$ 1,358.69
$ 489.13
1948
9,941.81
4,970.91
2,485.45
894.78
1949
28,600.60
14,300.30
7,150.15
2,574.07
1950
11,756.02
5,878.01
2,939.00
1,058.04
1951
8,596.00
4,298.00
2,149.00
766.36
1952
18,995.66
9,497.83
4,748.92
1,702.33
1953
27,770.24
13,885.12
6,942.56
2,492.03
1954
33,179.58
16,589.79
3,059.12
1955
13,652.44
6,826.22
$ 378.74
1956
9,409.34
4,704.67
259.93
1957
$ 9,163.44
$ 4,581.72
$ 252.61
1958
11,092.81
5,546.40
306.64
1959
15,982.72
7,991.36
442.48
1960
18,952.07
9,476.03
524.61
$222,527.49
$111,263.74
$27,773.77
$13,035.86
$2,165.01
*49 The allegations in the petition generally adhere to the following format for the years 1947 through 1954: 1947 - The Commission has determined the amount of $18,041.59 to constitute gross income. This amount is admitted to be income that is subject to a large amount as deductible expenses of doing business. Petitioner does not have the properly deductible items available at this time but will supply further particulars upon demand. The format for the years 1955 through 1960 was generally as follows: 1955 - The Commissioner has assessed gross income as $32,118.31 after deducting business expenses of $4,155.91. Petitioner's business expenses were much higher than the allowed amount. Petitioner states that certain items are attributed to income which were not in fact income. Petitioner does not have the figures available at present but will supply further particulars *50 upon demand. A request that a hearing on the merits be held in Philadelphia, Pa., was filed on March 4, 1965, and was granted by this Court on March 5, 1965. On April 8, 1965, respondent filed a "Motion to Require Petitioner to File a Further and Better Statement of Facts." At the hearing on this motion held on May 26, 1965, no appearance was made by or on behalf of petitioner, the motion was granted, and petitioner was - directed to file on or before June 23, 1965, an amended petition setting forth clear and concise lettered statements of facts upon which the petitioner relies as sustaining the assignments of error in accordance with the Court's Rules of Practice, or show cause at 10:00 A.M., on June 23, 1965, * * * why this case should not be dismissed or other appropriate action be taken. On June 23, 1965, this matter was called from the motions calendar at Washington, D.C., for hearing on the order dated May 26, 1965. There was no appearance by or on behalf of petitioner, nor had petitioner complied with the directions of the Court's order. Counsel for respondent orally moved that the Court's previous order be made absolute and the case be dismissed except as to the issues *51 upon which the burden of proof is by statute upon respondent. After due consideration this Court ordered that the Court's previous order be made absolute and the case was - dismissed for failure properly to prosecute except as to the issues upon which the burden of proof is by statute upon respondent, and the decision with respect to the portion of the case hereby dismissed will be entered upon the final disposition of the case. In his answer timely filed on August 23, 1965, respondent admitted and denied certain of the allegations raised in the petition, and in further answering respondent alleged additional detailed facts - in support of the determination that all or a part of the deficiencies in income taxes due for each of the taxable years 1947 to 1953, inclusive, and all or a part of the underpayments of tax required to be shown on the petitioner's returns for each of the taxable years 1954 to 1960, inclusive, are due to fraud with intent on the part of the petitioner to evade tax * * *. Petitioner did not file a reply to these allegations, appearing in respondent's answer, and on November 23, 1965, respondent filed a "Motion to Have Allegations of Fact Deemed Admitted *52 Under Rule 18(c)(1)." A notice of filing of motion for order under Rule 18 was served on petitioner on November 30, 1965, in which notice petitioner was notified that respondent's motion "has been calendared for hearing by the Court * * * on December 29, 1965." By order entered December 17, 1965, it was ordered "that the hearing on respondent's motion for an order under Rule 18 filed November 23, 1965, is continued to January 19, 1966." At the hearing held on January 19, 1966, no appearance was entered by or on behalf of petitioner, and respondent orally asked the Court to grant the motion and enter an order deeming the allegations of fact in the answer to have been admitted. By order dated January 19, 1966, it was - ORDERED that respondent's motion is granted and the undenied affirmative allegations in respondent's answer, as specified in respondent's motion, are deemed admitted. On June 30, 1966, a notice setting the case for trial on October 3, 1966, at Courtroom 300, United States Customs House, 2d and Chestnut Streets, Philadelphia, Pa., was served. No appearance was entered by or on behalf of petitioner when the case was called from the trial calendar at Philadelphia *53 on October 3, 1966, and on that date respondent filed a "Motion for Judgment on the Pleadings as to Fraud and for Entry of Decision." Petitioner did not file any returns for the taxable years 1947 through 1960. The Court has already granted respondent's motion to dismiss for failure to properly prosecute except for those issues upon which the burden of proof is by statute on respondent. The Court has also granted respondent's motion under Rule 18, Tax Court Rules of Practice, that the undenied affirmative allegations of fact in his answer be deemed admitted. The case is now before us on respondent's "Motion for Judgment on the Pleadings as to Fraud and for Entry of Decision." This Court recognized in Charles H. McGlue, 45 B.T.A. 761, and in Robert Kenneth Black, 19 T.C. 474, that the granting of respondent's motion under Rule 18(c)(1) will support a motion by respondent for judgment on the pleadings if the affirmative allegations of fact in respondent's answer are sufficient to carry respondent's burden of proof of fraud and other matters on which respondent has the burden of proof. [2]
*54 Although no evidence was offered by either party when this case was called for trial, the facts alleged in the answer filed by respondent in this case, which are deemed to be admitted under Rule 18(c)(1), fully support a finding of fact that at least a part of the deficiencies for each of the years involved is due to fraud with intent to evade tax, and are sufficient to carry respondent's burden of proof with respect to the fraud penalty. We therefore find that a part of the deficiency for each of the years 1947 through 1953, inclusive, was due to fraud with intent to evade tax, and that a part of the underpayment of tax required to be shown on returns for each of the years 1954 through 1960 was due to fraud. The burden of proof with respect to all other issues having been on petitioner and petitioner having failed to carry that burden, we sustain all of respondent's determinations in his notice of deficiency. Decision will be entered for the respondent. Footnotes
1. The petition did not have the entire notice of deficiency attached as "Exhibit A"; only the determination letter itself was filed. A copy of the notice of deficiency, together with the statement, was filed in Philadelphia, Pa., October 3, 1966, by respondent when the case was called on the trial calendar.↩
2. See also, Alex Corinblit and Mary Wolfe, both Memorandum Opinions of this Court.↩